JOURNAL ENTRY AND OPINION
Appellant, Alexander Hall, appeals the re-sentencing by the trial court and claims that the trial court failed to make the requisite findings and reasons under the sentencing guidelines. For the following reasons, we reject his contention and affirm.
On October 1, 1998, the Cuyahoga County Grand Jury indicted Mr. Hall in case number CR-367810 on two counts: one count of possession of ten to twenty-five grams of crack cocaine, in violation of R.C. 2925.11 and one count of possession of criminal tools, in violation of R.C. 2923.24.
On December 8, 1998, the Cuyahoga County Grand Jury indicted Mr. Hall in case number CR-369982 on three counts: one count of possession of twenty-five to one hundred grams of crack cocaine, in violation of R.C.2925.11, one count of preparation for sale of twenty-five to one hundred grams of crack cocaine, in violation of R.C. 2925.11 and one count of possession of criminal tools, in violation of R.C. 2923.24.
On March 14, 1999, both of Mr. Hall's cases were joined for one trial. On March 24, 1999, Mr. Hall was found guilty on all counts, except that he did not possess the indicated amount of drugs (twenty-five to one hundred grams) in count one of CR-369982.
The sentencing hearing took place on April 14, 1999. In CR-367810, the trial court sentenced Mr. Hall to six months for each offense, to run consecutively. In CR-369982, the trial court sentenced Mr. Hall to four years, nine months and six months, respectively, for the three offenses, to run consecutively. The sentences in each case was ordered to be served consecutively to each other. The total sentence in both cases was six years and three months.
Mr. Hall appealed his sentences in both cases. On June 29, 2000, this court vacated the sentence due to the trial court's failure to make findings on the record and remanded for re-sentencing.
At the re-sentencing hearing on September 13, 2000, the trial court imposed the same sentence as had been originally imposed. Mr Hall appeals the trial court's re-sentencing and asserts the following assignment of error:
 I. THE TRIAL COURT ERRED IN SENTENCING DEFENDANT-APPELLANT TO CONSECUTIVE TERMS OF IMPRISONMENT WHEN IT DID NOT FOLLOW THE STATUTORY REQUIREMENTS FOR THE IMPOSITION OF SUCH A SENTENCE.
Mr. Hall argues that the trial court erred in imposing consecutive sentences without following the statutory mandates for imposing consecutive sentences set forth in R.C. 2929.14(E).
Pursuant to R.C. 2929.14(E)(4), the trial court may impose consecutive prison terms for convictions of multiple offenses upon the making of certain findings enumerated in the statute. Specifically, R.C.2929.14(E)(4) provides in pertinent part:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Under R.C. 2929.19(B)(2)(c), if the trial court imposes consecutive sentences, it must make a finding on the record that gives its reason for imposing consecutive sentences. State v. Nichols (March 2, 2000), Cuyahoga App. No. 75605, 75606, unreported; State v. Parker (Dec. 9, 1999), Cuyahoga App. Nos. 75117, 75118, unreported; State v. Cardona (Dec. 16, 1999), Cuyahoga App. No. 75556, unreported. The record must confirm that the trial court's decision-making process included all of the statutorily required sentencing considerations. See Cardona, supra; Nichols, supra, citing State v. Edmonson (1999), 86 Ohio St.3d 324. The trial court need not use the exact words of the statute; however, it must be clear from the record that the trial court made the required findings. State v. Garrett (Sept. 2, 1999), Cuyahoga App. No. 74759, unreported.
Here, at the re-sentencing hearing, the trial court stated the following:
 You have a history of criminal activity including a number of juvenile convictions for theft, assault, burglary, receiving stolen property, and although you've stayed out of trouble it appears for a period of time, you then picked up two cases involving drugs, one of which included a criminal — sorry, both of which carried a criminal tool count and one of which was a preparation of drugs for sale as one of the counts. Both of these dates of offenses occurred within approximately four months of each other which indicates to this court that you were indeed engaged in a pattern of criminal activity, therefore this court does not believe concurrent sentences would adequately punish you and consecutive sentences are necessary to fulfill purposes of Ohio Revised Code 2929.11, that they are not disproportionate to the seriousness of your conduct, and the danger to the public requires you to have consequence sentences based not only on your prior criminal history, but on these cases in particular.
 In addition, taking into account your juvenile record the court also believes your criminal history justifies consecutive sentences. Therefore, your sentence will not change, sentence remains the sentence as it was originally imposed by this court.
The record adequately shows that the trial court complied with the dictates of R.C. 2929.14(E)(4) when imposing consecutive sentences. First, the court was required to find that "consecutive service is necessary to protect the public from future crime or to punish the offender." (Emphasis added). Here, the trial court stated "this court does not believe that concurrent sentences would adequately punish you and consecutive sentences are necessary to fulfill purposes of Ohio Revised Code 2929.11." Although the court did not recite verbatim from the statute, it did specifically find that consecutive service was necessary to punish Mr. Hall based on his history of criminal activity. This is sufficient to comply with the statute. See State v. Garrett, supra.
Second, the court was required to find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." (Emphasis added). Here, the trial court stated that consecutive service was "not disproportionate to the seriousness of your conduct, and the danger to the public requires you to have consecutive sentences based not only on your prior criminal history, but on these cases in particular." Thus, the trial court complied with the second part of the statute of well.
Finally, the court was required to find any one of the subsections of R.C. 2929.14(E)(4) to be present. Here, the trial court found that Mr. Hall had a criminal record including juvenile adjudications for theft, assault, burglary and receiving stolen property. The trial court specifically found that "the danger to the public requires you to have consecutive sentences based not only on your prior criminal history, but on these cases in particular." Thus, the trial court adequately complied with R.C. 2929.14(E)(4)(C).
Accordingly, Mr. Hall's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and ANN DYKE, J., CONCUR. JAMES J. SWEENEY, Judge.